ISAAC GREATHOUSE, plaintiff in error, *v.* ROBERT L. ROBINSON, defendant in error.

*Error to Hancock.*

The defendant, to avail himself of a defective averment in a declaration, must demur to it. If he elects to plead to the declaration and go to trial, he has no right to insist upon the exclusion of evidence, because some necessary averment is omitted, or defectively set forth.

In a suit by petition and summons, the petition averred that the note described therein was endorsed as follows: " For value received, I assign the within note to Isaac Greathouse." The defendant pleaded *nil debet,* upon which issue was taken. The plaintiff offered in evidence the note described in the petition, with the foregoing assignment, and the name of the endorser annexed, "L. Allen Key:" *Held,* that there was no variance.

THIS cause was tried in the Hancock Circuit Court, at the September term, 1839, before the Hon. Peter Lott. Judgment was rendered for the defendant, and the plaintiff brought the cause to this Court by writ of error.

O. H. BROWNING, for the plaintiff in error.

J. A. McDOUGALL, for the defendant in error.

FORD, Justice, delivered the opinion of the Court:
It appears that an action by *petition and summons* was commenced in the Hancock Circuit Court. The petition, after setting forth a note payable to L. Allen Key, proceeds to state an assignment thereon in the following words: "For value received, I assign the within note to Isaac Greathouse," without the name of the payee subscribed thereto; but averring that the plaintiff thereby became the proprietor of the note. The defendant pleaded *nil debet*. The bill of exceptions shows that there was a trial of the cause; and that the plaintiff offered in evidence, the note described in the petition, with an endorsement thereon as follows: "For value received I assign the within note to Isaac Greathouse.

"L. ALLEN KEY."

The defendant objected to the evidence, and the Court excluded it, on account, as we presume, of a supposed variance between the assignment stated in the petition, and that on the note offered in evidence. The errors assigned bring into question this decision of the Circuit Court.

The view of the law taken by the Circuit Court is evidently erroneous. We do not perceive that the question of variance arises in the cause. If, as was supposed, the averment of an assignment of the note, to make it complete, required the name of the payee to be subscribed, the defendant ought to have demurred to the petition. If, however, the defendant elect to plead and go to trial, he has no right to insist upon the exclusion of evidence, because some necessary averment is omitted, or defectively set forth.

The Court ought to have proceeded with the trial of the cause, and heard the evidence; and if a verdict had been found in favor of the plaintiff, the question would then have arisen, whether the averments in the petition would warrant a judgment on the verdict.

The judgment of the Court below is therefore reversed with costs. and the cause remanded to the Court below, for further proceedings conformably to this decision.

*Judgment reversed.*